JS 44
(Rev. 12/96)

#114690

# CIVIL COVER SHEET

United States District Court
Southern District of Texas
FILED

2001

Michael N. Milby
Clerk of Court

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jimmy Herrera

## DEFENDANTS
CTS Corporation d/b/a CTS Electronic Corporation and Josie Molina

B-01-024 1

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Miguel Salinas
Garza & Salinas, L.L.P.
680 E. St. Charles, Suite 110
Brownsville Texas 78520

ATTORNEYS (IF KNOWN)
John E. Chosy
John E. Chosy, Attorney at Law, PC
1805 Ruben Torres Blvd., Suite B-21
Brownsville Texas 78526

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Report- ing & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Texas Commission on Human Rights Act, Section 21.001, et. seq.,
Tx. Labor Code - 28 USC 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):   None
JUDGE _____   DOCKET NUMBER _____

DATE
February 5, 2001

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 5 2001

Michael N. Milby
Clerk of Court

JIMMY HERRERA,    *
     Plaintiff   *
  *
v.   *
  *
CTS CORPORATION, ET. AL.,   *
     Defendant   *

CIVIL ACTION NO.:

B - 01 - 024

## NOTICE OF REMOVAL

    Defendants CTS Corporation and Josie Molina, by their undersigned attorney-in-charge, hereby give notice of their removal of this civil action from the 197th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division as follows:

1.

    This is a disability discrimination case in which plaintiff alleges that he was discharged from his employment with defendant CTS Corporation on account of a disability.

2.

    Defendant CTS Corporation is a corporation chartered under the laws of the State of Indiana with its principal place of business in Elkhart, Indiana.  It is therefore a citizen of Indiana and not a citizen of Texas.

4.

Defendant Josie Molina was joined by plaintiff as a sham or a fraudulent device to defeat removal based upon 28 USC § 1332. Accordingly, her citizenship may be disregarded for purposes of removal.

5.

Plaintiff is a citizen of Texas and not a citizen of Indiana.

6.

The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and this civil action is between citizens of different states, this civil action is one over which the district courts of the United States have original jurisdiction under 28 USC § 1332.

* * * * * *

For these reasons, defendants CTS Corporation and Josie Molina hereby remove this case from the state court to this court.

Signed this _5_ day of _February_, 2001.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas   78526
Telephone:  (956) 544-6677
Telefax     :  (956) 544-6679


By: _____
    John E. Chosy
    State Bar No. 04216300
    Cameron County ID No. 00304801
    Federal I.D. No. 1054
    Attorney-in-Charge

ATTORNEY FOR DEFENDANTS


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on the _5_ day of _February_, 2001.


_____
John E. Chosy


NOTICE OF REMOVAL – PAGE 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JIMMY HERRERA,               *
              Plaintiff      *
                             *
                             *        CIVIL ACTION NO.:
v.                           *        B-01-024
                             *
                             *
CTS CORPORATION, ET. AL.,    *
              Defendant      *

United States District Court
Southern District of Texas
FILED

FEB - 5 2001

Michael N. Milby
Clerk of Court

## INDEX OF MATTERS BEING FILED WITH REMOVAL NOTICE

Defendants CTS Corporation and Josie Molina, by their undersigned

attorney-in-charge and pursuant to Rule 3 of the Local Rules for the United

States District Court for the Southern District of Texas, herewith submit for filing

the following documents:

1.   Executed return on service of citation on defendant
     CTS Corporation;

2.   Executed return on service of citation on defendant
     Josie Molina;

3.   Plaintiff's Original Petition;

4.   Defendants' Original Answer;

5.   A copy of the state court's docket sheet; and

6.   A list of all counsel of record, including addresses, telephone
     numbers and parties represented.

The state judge has not signed any orders in this cause.

Signed this _5_ day of _February_____, 2001.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas   78526
Telephone:  (956) 544-6677
Telefax     :  (956) 544-6679


By: _____
   John E. Chosy
   State Bar No. 04216300
   Cameron County ID No. 00304801
   Federal I.D. No. 1054
   Attorney-in-Charge

ATTORNEY FOR DEFENDANTS


<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on the _5_ day of _February_ 2001.


_____
   John E. Chosy

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2001-01-000076-C                 **COPY**

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CTS CORPORATION
SERVING ITS REGISTERED AGENT
DAVID NELSON
1100 ROOSEVELT STREET
BROWNSVILLE, TEXAS 78520

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on JANUARY 08, 2001 . A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000076-C.

The style of the case is:

JIMMY HERRERA
VS.
CTS CORPORATION, ET AL

Said petition was filed in said court by _____MIGUEL SALINAS_____
(Attorney for         PLAINTIFF        ). whose address is

---

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

---

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the _9th_ of

_JANUARY_ 2001, I mailed to

CTS CORPORATION

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.    1700898797

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 5.003.01

## No. 2001-01-000076-C

**COPY**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  I you or your attorney do not file a written answer with the clerk who issued th citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may taken against you.

TO: JOSIE MOLINA
    1100 ROOSEVELT STREET
    BROWNSVILLE, TEXAS 78520


the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIIGNAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas.  Said _____PETITION_____ was filed on  JANUARY 08, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000076-C.

The style of the case is:

JIMMY HERRERA
VS.
CTS CORPORATION, ET AL

Said petition was filed in said court by _____MIGUEL SALINAS_____

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|
| Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. | I hereby certify that on the _9th_ of  _JANUARY_ 2001,  I mailed to  JOSIE MOLINA  by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.<br><br>CERTIFIED MAIL NO.  1700898803 |

NAME OF PREPARER          TITLE          CERTIFIED MAIL RETURN RECEIPT REQUESTED

CAUSE NO. *2001-01-0076-C*

| | | |
|---|---|---|
| JIMMY HERRERA | * | THE *197th* DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| CTS CORPORATION D/BA CTS | * | |
| ELECTRONIC CORPORATION AND | * | |
| JOSIE MOLINA | * | CAMERON COUNTY, TEXAS |

FILED _____ 230 _____ O'CLOCK
AURORA DE LA GARZA DIST CLERK
JAN 0 8 2001
RICK M. CORNEJO
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JIMMY HERRERA**, hereinafter referred to as Plaintiff, complaining of **CTS CORPORATION D/B/A CTS ELECTRONIC CORPORATION AND JOSIE MOLINA** hereinafter called by name or as  defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

Plaintiff, **JIMMY HERRERA**, resides at 1041 Ebano, San Benito, Texas 78586.

Defendant, **CTS CORPORATION, D/B/A CTS ELECTRONIC CORPORATION** is a foreign corporation duly authorized to conduct business in Texas  and can be served with process through its **Registered Agent for Service, David Nelson, 1100 Roosevelt Street, Brownsville, Texas 78520. Service of citation is requested by certified mail, return receipt requested as is contemplated by Rule 106 of the Texas Rules of Civil Procedure.**

Defendant Josie Molina is an individual residing in Cameron County, Texas and may be served with process at her place of employment, 1100 Roosevelt Street, Brownsville, Texas 78520.

Service of citation is requested by certified mail, return receipt requested as is contemplated by Rule 106 of the Texas Rules of Civil Procedure.

## III.
## VENUE

Venue is proper in Cameron County, Texas in  at the incidents that form the basis of this cause of action occurred in Cameron Cou ity.

## IV.
## FACTUAL ALLEGATIC IS

Plaintiff Jimmy Herrera worked for Defendant C S Corporation as a shipping clerk. During his tenure with the company, Mr. Herrer performed his duties with loyalty, dedication and hard work. The Plaintiff's emp yment continued until he was the target of illegal discrimination on account of his dis bility.

Mr. Herrera suffers from severe peripheral vasc lar disease. As a consequence of his condition Mr. Herrera developed an ulcer to his ght foot that required treatment. On or about March of 2000, Plaintiff's doctor recomme ded surgery as a means of healing the wound and relieving the pain and fatigue c used by the disease.

Plaintiff spoke to Defendant Josie Molina, the F cility Manager for the Defendant Corporation, and asked if the company would accomm date his condition. The Plaintiff had office experience and was told that if he had the s gery he would be allowed to do office duties until he healed well enough to return to hi regular position of shipping clerk. Based on the representations made by the com any and its agent the Plaintiff went forward with the surgery.

Shortly after the surgery, Mr. Herrera returned t the company in order to start working in the promised office setting. Instead, he was old by Defendant Molina that she did not want to waste her time training him but he uld do janitorial duties such as sweeping and mopping. The Plaintiff's condition did no allow him to do manual labor so he advised Ms. Molina that he would probably take a fe v days off as suggested by his doctor.

During this time, the Plaintiff kept in contact with Defendant Molina and advised her of his medical status and asked when he could retu n to work. The Plaintiff was not accommodated and not allowed to return to work until : e brought a medical excuse. On approximately March 30, 2000, the Plaintiff returne to work with a light duty excuse and presented it to Defendant Molina. He was promptl told that the excuse "was not good enough," and that he needed to return with a mor detailed excuse. Again he was denied the opportunity to return to work.

The Plaintiff did as he was told and on or about pril 10, 2000, he obtained another doctor's excuse. Initially, the Plaintiff was allow d to return to work. During that time, the Plaintiff was able to perform the essential unctions of his shipping clerk position without incident. Despite this, two days later th Plaintiff was given a termination letter that stated that there was no work for m and they could not

accommodate his restrictions.

As a result of the discriminatory conduct of the defendant, the Plaintiff filed a complaint with the Texas Commission on Human Rights alleging he was the target of illegal discrimination based on his disability/perceived disability.

## V.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Texas Commission on Human Rights, alleging that the Defendants had committed an unlawful employment practice against the Plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt. A copy of this notice is attached and incorporated by reference. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## VI.
## TEXAS COMMISSION ON HUMAN RIGHTS

Plaintiff, **JIMMY HERRERA** suffers from Peripheral Vascular Disease.

The Defendant, **CTS CORPORATION D/B/A CTS ELECTRONIC CORPORATION,** is an employer with at least 15 employees, and subject to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's disability.

In addition, the Defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The Defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

## VII.
## DISABILITY DISCRIMINATION

The Plaintiff, **JIMMY HERRERA,** suffers from Peripheral Vascular Disease and was discriminated against on account of his Disability. As such, he falls within a protected class under Article 5221K, Section 5.01, better known as the Texas Commission on Human Rights Act.

The Defendant, **CTS CORPORATION D/B/A CTS ELECTRONIC CORPORATION** is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Disability.

As a result of Defendant's unlawful conduct the Plaintiff has suffered the damages listed below.

## VIII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts that Defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendants' actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this court. Plaintiff sues the Defendants as a result of such action.

## IX.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiff hereby gives notice to all that he only alleges state claims in this suit and specifically excludes, and does not intend to litigate herein, any federal cause of action. The only causes of action which he intends to litigate in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas.

## X.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, Plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which he hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

## Past and Future Mental Anguish

As a result of the incidents described above, that make the basis of this suit, Plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of his natural life.

## Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, Plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist him in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court grant the following:

a.    Judgment against Defendant for Plaintiff's damages;

b.    Punitive damages;

c.    Prejudgment interest as allowed by law;

d.    Attorney, expert and litigation fees and expenses;

e.    Interest on said judgment at the legal rate from date of judgment;

f.    For cost of suit herein; and

g.    Such other relief as the Court deems proper.

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas   78520
(956) 574-9502   Telephone
(956) 574-9506   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

CAUSE NO. _2001-01-0076-C_

| | | |
|---|---|---|
| JIMMY HERRERA | * | THE _197th_ DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | |
| | * | OF |
| CTS CORPORATION D/B/A CTS | * | |
| ELECTRONIC CORPORATION AND | * | |
| JOSIE MOLINA | * | CAMERON COUNTY, TEXAS |

FILED
AURORA DE LA GARZA DIST. CLERK
O'CLOCK M
JAN 0 8 2001
DISTRICT COURT OF CAMERON COUNTY, TEX;
DEP(

## PLAINTIFF'S REQUEST FOR JURY TRIAL

NOW COMES Plaintiff, **JIMMY HERRERA,** requesting that a jury trial be held on said

cause.  Pursuant to Rule 216 of the Texas Rules of Civil Procedure a jury fee in the sum of

$30.00 has been paid to the District Clerk's office.  A copy of the filing fees check which

incorporates the jury fee is attached as Exhibit "A".

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas  78520
(956) 574-9502 Telephone
(956) 574-9506 Telefax

By: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

1687

**GARZA & SALINAS, L.L.P.**
PH  (956) 574-9502
680 E. ST. CHARLES  STE 110
BROWNSVILLE, TX 78520

88-7334/3131
BRANCH 83

1603 Price Road
Brownsville, Texas 78521

Coastal Banc ssb

DATE  1/8/01

PAY
TO THE
ORDER OF___CAMERON COUNTY DISTRICT CLERK_____  $  314.00

THREE HUNDRED FOURTEEN DOLLARS AND 00/100THS------------

DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT (S)

| ORIGINAL PETITION | 170 | 00 |
| JIMMY HERRERA | | |
| 2-service of citation RRR | 114 | 00 |
| JURY FEE | 30 | 00 |

⑈001687⑈ ⑆313173349⑇ 5083101576⑈

CAUSE NO. 2001-01-0076-C

JIMMY HERRERA,              *   IN THE 197TH DISTRICT COURT
        Plaintiff          *
                           *
v.                         *   OF
                           *
CTS CORPORATION, ET. AL.,  *
        Defendant          *   CAMERON COUNTY, TEXAS

FILED
AURORA DE LA GARZA DIST. CLERK
O'CLOCK ____ M

FEB 0 1 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
____ DEPU__

## DEFENDANTS' ORIGINAL ANSWER

Defendants CTS Corporation and Josie Molina, by their undersigned attorney-in-charge, generally deny the averments of Plaintiff's Original Petition.

By way of further answer, defendants assert the following affirmative defenses:

1.    Plaintiff's claim in barred in whole or in part by the statute of limitations.

2.    Plaintiff has failed to exhaust his administrative remedies.

3.    Plaintiff fails to state a cause of action for intentional infliction of emotional distress.

4.    Plaintiff fails to state a cause of action for discrimination against defendant Molina.

5.    Defendant CTS Corporation is not an employer as that term is used in the Texas Commission on Human Rights Act.

6.    Defendants plead the damage limitations of Chapter 41 of the Texas Civil Practice and Remedies Code and Chapter 21 of the Texas Labor Code.

Signed this __1__ day of February 2001.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas  78526
Telephone:  (956) 544-6677
Telefax    :  (956) 544-6679


By: _____

    John E. Chosy
    State Bar No. 04216300
    Cameron County ID No. 00304801
    Federal I.D. No. 1054
    Attorney-in-Charge

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure by certified mail, return receipt requested on the __1__ day of February 2001.


_____
John E. Chosy

DEFENDANTS' ORIGINAL ANSWER – PAGE 2

Case 1:01-cv-00024   Document 1   Filed in TXSD on 02/05/2001   Page 19 of 21

RUN DATE 02/02/01
RUN TIME 3:57 PM

PAGE: 01
2000-01-000076-C

* * * C L E R K ' S   E N T R I E S * * * *

JIMMY HERRERA

VS

CTS CORPORATION, ET AL

00506301
MIGUEL SALINAS
640 E. ST. CHARLES, STE. 110
BROWNSVILLE, TEXAS 78520 0000

00566201
JOHN E. CROSY
1805 RUBEN M. TORRES BLVD.
BROWNSVILLE, TEXAS 78526 0000

(10)                                    01    08    01

DAMAGES                                            30.00

GARZA AND
SALINAS ATTORNEY A''

01/08/01 ORIGINAL PETITION FILED
01/08/01 PLAINTIFFS REQUEST FOR JURY TRIAL
01/08/01 JURY FEE: Pd. by MIGUEL SALINAS
01/09/01 CITATION (CX): CTS CORPORATION
01/09/01 SERVED: 01/12/01 FILED: 01/17/01
01/09/01 CITATION (CM): JOE E. MOLINA
01/09/01 SERVED: 01/11/01 FILED; 01/17/01
02/01/01 ORIGINAL ANSWER: CTS CORPORATION

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JIMMY HERRERA,                          *
               Plaintiff          *
                                   *          CIVIL ACTION NO.:
v.                                      *          _____
                                   *
CTS CORPORATION, ET. AL.,               *
               Defendant          *

## <u>LISTING OF ALL COUNSEL OF RECORD</u>

1.

Attorney-in-charge for plaintiff Jimmy Herrera is Miguel Salinas, Garza &

Salinas, L.L.P., 680 E. St. Charles, Suite 110, Brownsville, Texas 78520;

telephone (956) 574-9502; telefax (956) 574-9506.


2.

Attorney-in-charge for defendants CTS Corporation d/b/a CTS Electronic

Corporation and Josie Molina is John E. Chosy, John E. Chosy Attorney at Law,

P.C., 1805 Ruben Torres Blvd., Suite B-21, Brownsville, Texas 78526; telephone

(956) 544-6677; telefax (956) 544-6679.

Signed this __5__ day of February 2001.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas  78526
Telephone:  (956) 544-6677
Telefax    :  (956) 544-6679

By: _____
John E. Chosy
State Bar No. 04216300
Cameron County ID No. 00304801
Federal I.D. No. 1054
Attorney-in-Charge

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on the __5__ day of February 2001.

_____
John E. Chosy

LISTING OF ALL COUNSEL OF RECORD – PAGE 2