3

United States District Court
Southern District of Texas
FILED

FEB - 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JIMMY HERRERA, | * | |
| Plaintiff | * | |
| | * | CIVIL ACTION NO. B - 01 - 024 |
| v. | * | |
| | * | |
| CTS CORPORATION, ET. AL., | * | |
| Defendant | * | |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS
MOTION FOR DISMISSAL OF CERTAIN CLAIMS
FOR FAILURE TO STATE CLAIMS
UPON WHICH RELIEF CAN BE GRANTED**

This is a disability discrimination in employment case brought pursuant to the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code, with a common law claim of intentional infliction of emotional distress. At the time of the events giving rise to this lawsuit, defendant CTS Corporation was plaintiff's employer; defendant Josie Molina was plaintiff's supervisor. (Plaintiff's Original Petition, ¶ IV).

Defendants move for dismissal of the intentional infliction of emotional distress claims against both of them and a dismissal of the Texas Commission on Human Rights claim against defendant Josie Molina. This motion to dismiss is filed before the either side has undertaken any discovery and within days of defendants' answer.

**STATEMENT OF ISSUES TO BE RULED ON BY THE COURT**

1.     Whether allegations of routine adverse employment decisions are acts sufficient to support a claim for intentional infliction of emotional distress even if those decisions constitute discrimination on the basis of disability.

ClibPDF - www.fastio.com

2.    Whether a supervisor is individually liable for violations of The Texas Commission on Human Rights Act, Chapter 21, Texas Labor Code.

## STANDARD OF REVIEW

In determining these motions under Fed.R.Civ.P. 12 (B)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the well pleaded allegation of plaintiff's complaint as true and dismiss only if it appears that plaintiff can prove no set of facts which would entitle him to relief. Vander Zee v. Reno, 73 F3d 1365, 1368 (5 Cir. 1996).

## SUMMARY OF THE ARGUMENT

1.    Adverse job actions do not, as a matter of law, constitute "extreme and outrageous" acts sufficient to support a claim for intentional infliction of emotional distress even if the job actions are in violation of the law. Southwestern Bell Mobile Systems, Inc. v. Franco, 971 SW2d 52 (Tx. 1998).

2.    Individual supervisors are not liable as a matter of law for violations of The Texas Commission on Human Rights Act. Benavides v. Moore, 848 SW2d 190, 198 (Tx.App. – Corpus Christi 1993, no writ hist.).

## ARGUMENT

**1.    Plaintiff has Failed to State a Claim for Intentional Infliction of Emotional Distress Because the Conduct Complained of is not Extreme or Outrageous as a Matter of Law.**

To state a claim for intentional infliction of emotional distress, plaintiff must allege:

DS' BRIEF IN SUPPORT OF ITS MTN FOR DISMISSAL
OF CERTAIN CLAIM FOR FAILURE TO STATE CLAIMS
UPON WHICH RELIEF CAN BE GRANTED – PAGE 2

ClibPDF - www.fastio.com

1.      intentional or reckless conduct;

2.      that was "extreme and outrageous;"

3.      causing severe emotional distress.

<u>Southwestern Bell Mobile Systems, Inc. v. Franco</u>, 971 SW2d 52, 54 (Tx. 1998).  "Extreme and outrageous" conduct has been further defined by the Texas Supreme Court as conduct:

> "so outrageous in character, and so extreme in degree,
> as to go beyond all possible bounds of decency, and
> to be regarded as atrocious, and utterly intolerable in
> a civilized community." <u>Twyman v. Twyman</u>, 855 SW2d
> 619, 621 (Tx. 1993).

In the employment context, the mere fact of termination, even if the termination is wrongful, is not sufficiently extreme and outrageous to constitute intentional infliction of emotional distress.  <u>Southwestern Bell Mobile Systems, Inc. v. Franco</u>, *supra* at 54.  Employment disputes even when coupled with bickering, insults, and embarrassment are insufficient.  <u>Wornick Co. v. Casas</u>, 856 SW2d 732, 735 (Tx. 1993); <u>Miller v. Galveston/Houston Diocese</u>, 911 SW2d 897, 899 (Tx.App. – Amarillo 1995, no writ hist.).  Whether conduct is extreme and outrageous is, in the first instance, a question of law for the court.  <u>Wornick Co. v. Casas</u>, *supra* at 734 (citing Restatement (Second) of Torts, §46, cmt.d (1965)).

Texas courts have consistently held that employment disputes, even those involving unlawful termination, do not rise to the level of conduct going "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

DS' BRIEF IN SUPPORT OF ITS MTN FOR DISMISSAL
OF CERTAIN CLAIM FOR FAILURE TO STATE CLAIMS
UPON WHICH RELIEF CAN BE GRANTED – PAGE 3

intolerable in a civilized society." Examples of conduct <u>not</u> meeting this threshold

are:

<u>Brewerton v. Dalrymple</u>, 997 SW2d 212 (Tx. 1999) (making negative comments in a professor's tenure file, recommending that professor not continue on tenure track, restricting professor's ability to speak about his tenure file, and assigning the professor an excessive case load).

<u>Southwestern Bell Mobile Systems, Inc. v. Franco</u>, 971 SW2d 52 (Tx. 1998) (employee terminated in retaliation for reporting sexual harassment, termination was done in presence of co-workers, employee forced to collect and remove belongings in front of others, and employer immediately repossessed employer owned car phone).

<u>Randall's Food Markets, Inc. v. Johnson</u>, 891 SW2d 640 (Tx. 1995) (detaining an employee for questioning and accusing her of leaving the store with merchandise for which she had not paid).

<u>Wornick Company v. Casas</u>, 856 SW2d 732 (Tx. 1993) (employee who had previously received very favorable employment reviews terminated without notice and escorted off the premises by security guards).

<u>Diamond Shamrock Ref. and Mktg. Co. v. Mendez</u>, 844 SW2d 198 (Tx. 1992) (falsely depicting terminated employee in the community as a thief).

<u>Faye v. Montes</u>, 9 SW3d 436 (Tx.App. – Houston [14th] 1999, rev. denied) (sexually harassing behavior including asking what female employee wore to bed, repeated requests to go out for a drink, leaving love notes, commenting on her body, slapping plaintiff on the buttocks, rubbing plaintiff's thigh).

<u>Thomas v. Clayton Williams Energy, Inc.</u>, 2 SW3d 734 (TX.App. – Houston [14th] 1999, no rev. req.) (addressing racial epithets to black employee).

<u>Miller v. Galveston/Houston Diocese</u>, 911 SW2d 897 (Tx.App. – Amarillo 1995, no writ hist.) (terminating an employee who spoke up about mismanagement after being encouraged by management to do so).

<u>Beiser v. Tomball Hospital Authority</u>, 902 SW2d 721 (Tx.App. – Houston [1st] 1995, writ denied) (termination of employee in violation of Texas Whistleblower Act).

ClibPDF - www.fastio.com

<u>Sebesta v. Kent Electronics Corp.</u>, 886 SW2d 459 (Tx.App. – Houston [1st] 1994, writ denied) (employee terminated in violation of Juror Re-employment Act (Tx.Lab. Code, § 122.001, *et. seq.*) jury, then escorted off the premises during busiest time of the day and in front of co-workers).

<u>Garcia v. Andrews</u>, 867 SW2d 409 (Tx.App. – Corpus Christi 1993, no rev. req.) (leering at a female employee, asking if the employee did her best work in the dark, talking about a magazine article concerning what different men did right or wrong "in the sack").

<u>Horton v. Montgomery Ward & Co., Inc.</u>, 827 SW2d 361 (Tx.App. – San Antonio 1992, writ denied) (rattlesnake rattles placed on employee's desk, employee's photograph on company bulletin board mutilated, employee's personal property vandalized).

In the case before this Court, plaintiff bases his claim of intentional infliction of emotional distress on the following alleged conduct (Plaintiff's Original Petition, ¶ IV):

1.  having surgery that had been recommended by his physician after plaintiff's supervisor said he would be allowed to do office work during his recovery;

2.  returning to work only to be told he would not be trained for office work but that he would be assigned janitorial duties;

3.  not being permitted to return to work after surgery without a medical excuse;

4.  having a "light duty" medical release rejected as insufficient; and

5.  being terminated after returning to work because CTS would not accommodate his restrictions.

None of these incidents, singly or in combination constitutes "extreme and outrageous" conduct as illustrated by the cases cited above. Rather, they reflect nothing more than a difference of opinion in plaintiff's ability to do certain jobs. Such disputes do not, as a matter of law, constitute extreme and outrageous conduct. <u>Horton v. Montgomery Ward & Co., Inc.</u>, *supra* at 368-369.

Plaintiff's claim for intentional infliction of emotional distress should be dismissed as to both defendants for failure to state a claim upon which relief can be granted.

**2.     Individual Supervisors are not Liable under The Texas Commission On Human Rights Act.**

Defendant Josie Molina asks this Court to dismiss The Texas Commission on Human Rights Act claim against her because plaintiff has failed to state a claim upon which relief can be granted.

Ms. Molina was plaintiff's supervisor (Plaintiff's Original Petition, ¶ IV). Supervisors have no individual liability under the TCHRA.  <u>De Moranville v. Specially Retailers</u>, 909 SW2d 90, 94 (Tx.App. – Houston [14th] 1995), rev'd on other grounds 933 SW2d 490 (Tx. 1996) ("Supervisors and managers, however, are not liable under The Texas Human Rights Act in their individual capacity for their alleged acts of discrimination."); <u>Benavides v. Moore</u>, 848 SW2d 190, 198 (Tx.App. – Corpus Christi 1993, no writ hist.) ("Supervisors and managers are not liable under The Texas Human Rights Act."); and <u>Bushell v. Dean</u>, 781 SW2d 652, 657 (Tx.App. – Austin 1989), rev'd on other grounds, 803 SW2d 711 (Tx. 1991), on remand 820 SW2d 869 (Tx.App. – Austin 1992, writ denied).

Since Molina cannot be liable for alleged violations of The Texas Commission on Human Rights Act as a matter of law, this claim should be dismissed.

## RELIEF

For the reasons set forth above, defendants move this Court for its order:

1.      Dismissing all claims and causes of action asserted against defendant Josie Molina; and

2.      Dismissing the claim of intentional infliction of emotional distress against defendant CTS Corporation.

Signed this ___5___ day of February 2001.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas   78526
Telephone:  (956) 544-6677
Telefax    :  (956) 544-6679

By: _____
John E. Chosy
State Bar No. 04216300
Cameron County ID No. 00304801
Federal I.D. No. 1054
Attorney-in-Charge

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on the ___5___ day of February 2001.

_____
John E. Chosy

DS' BRIEF IN SUPPORT OF ITS MTN FOR DISMISSAL
OF CERTAIN CLAIM FOR FAILURE TO STATE CLAIMS
UPON WHICH RELIEF CAN BE GRANTED – PAGE 7