IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JIMMY HERRERA,<br>    Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO.:<br>B-01-024 |
| CTS CORPORATION,<br>    Defendant | §<br>§<br>§ | |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, PLAINTIFF JIMMY HERRERA, and files this his Supplemental Brief in Response to Defendant's Motion for Summary Judgment and in support would show the court as follows:

### The filing of a Social Security claim does not estop an ADA claim

1.  Plaintiff's application and receipt of Social Security benefits does not prohibit his ability to pursue a disability claim. As stated previously, the United States Supreme Court has held "...there are too many situations in which an SSDI claim and an ADA claim can comfortably exist side by side." *Cleveland v. Policy Management Systems Corp.,* 119 S. Ct. 1597, 1602 (1999). The most common instance (discussed in Plaintiff's Response to Motion for Summary Judgment), results from the fact that the SSA standard of disability does not take into account of employer's provision of reasonable accommodation. 119 S. Ct. at 1602. In addition, in processing claims for SSA benefits, the government employs a number of presumptions about certain conditions that do not consider

1

the individual circumstances of the claimant or whether the claimant can perform a particular job. Thus, a person might qualify for SSA benefits under the administrative scheme established to ensure orderly, efficient processing of claims but be able to work a certain job even without reasonable accommodation. *Id.* at 1602-03. Further in some circumstances, a person can obtain SSA benefits even while he or she is working. In that situation, there is no conflict between obtaining SSA benefits and an ADA claim. (See Attachment "A" Social Security What You Need to Get Disability Benefits). Finally, in *Cleveland,* the Court stated that courts should not find a conflict between an application for benefits that has not been approved, noting that any inconsistency in applying for benefits and asserting an ADA claim in akin to pleading alternative theories of relief, which is permitted in the legal system. *Id.* at 1603.

2. In the case at bar, Plaintiff was receiving unemployment benefits and actively seeking work when he filed for Social Security benefits. (See Attachment "B" Affidavit of Plaintiff Jimmy Herrera). The Texas Workforce Commission determined that despite his physical condition, he was able to work and thus eligible for benefits. (See Attachment "C" May 9 2000 Unemployment Benefits Decision). Although the Social Security Administration may have dated the starting date of his disability to Plaintiff's termination date, it did not reach its decision until October. That is an issue that should be addressed with the Social Security Administration and not this Court.

## B. Plaintiff's Social Security Claim is not inconsistent with his ADA claim.

3.  Plaintiff was working on the day he was terminated. He did not request and was not given any accommodation, but was nonetheless able to do his job. Moreover, the Plaintiff has consistently stated he could have, with or without reasonable accommodation, perform the essential functions of his old job. (See Plaintiff's Response to Defendant's Motion for Summary Judgment). After the Plaintiff was fired, however, his condition worsened and he faced the possibility of having his leg amputated. (See attachment "B"). Given these circumstances Plaintiff's claims are not inconsistent. Moreover, Plaintiff's condition continues to fluctuate. There are times his condition allows him to work and others it does not. *Id.*

4.  The Social Security Administration recognizes advances in medicine or a change in a claimant's condition may allow him to work. In those instances, an otherwise disabled individual can attempt to work and still receive his Social Security benefits. (See Attachment "A"). If we accept the Defendant's argument that a claim for Social Security benefits always defeats an employee's ability to work, then the Social Security rules on this point are also inconsistent and flawed. That is clearly not the intent of the law. As the Supreme Court stated in *Cleveland,* the two claims (Social Security and ADA), do not inherently conflict to the point where courts should apply a special negative presumption. 119 S. Ct. at 1602.

4.  For these reasons, the Plaintiff would respectfully request that this court deny

3

Defendant's Motion for Summary Judgment and provide it any further relief to which it is entitled to both at law and equity.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS

BY: *Miguel Salinas*
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
803 Old Port Isabel Rd.
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax

# Social Security

## What You Need To Know When You Get Disability Benefits



"A"

4

## Part 2—Reporting Changes That Can Affect Your Benefits

You should promptly report any changes that may affect your disability benefits. Family members receiving benefits also should report events that might affect their payments. The events that must be reported are explained on the next few pages.

### If You Move

When you plan to move, tell us your new address and phone number as soon as you know them. You can report this information by calling our toll-free number, **1-800-772-1213**.

Even when you receive your benefits by direct deposit, Social Security must have your correct address so we can send letters and other important information to you. Your benefits will be stopped if we are unable to contact you.

When you report your new address, let us know the names of any family members who also should receive their Social Security benefits there. Be sure to file a change of address with the post office, too.

### If Your Condition Changes

You must notify us if there is any change for the better in your condition. Failure to do so could mean you'll get payments you aren't due—money that will have to be repaid. Your case will be reviewed periodically to determine if you're still disabled. (See Pages 17-18 for more information.)

### If You Go To Work

You should tell us if you take a job or become self-employed **no matter how little you earn**. If you are still disabled, you will be eligible for a trial work period and can continue receiving benefits for up to nine months (see Page 21).

12

Also, notify us if you have any special work expenses resulting from your disability (such as specialized equipment, a wheelchair or even some prescription drugs) or if there is any change in the amount of the expenses.

### If You Go Outside The United States

If you are a citizen of the United States, your Social Security payments generally can continue for as long as you are outside the United States and meet all requirements. (The Social Security office has a list of 60 other countries whose citizens also can get Social Security benefits if they leave the United States.) However, you must notify Social Security when you plan to leave the U.S. for 30 days or more so that any letters can be sent to the right address. Notifying us also will enable you to learn about any special rules that apply to those receiving benefits outside the U.S. And remember to let Social Security know when you return to the U.S.

If you are a citizen of a country not approved for us to send checks, your benefits will be suspended after you have been outside the U.S. for six months, unless you meet specific conditions. And, if you go to a country where U.S. Treasury Department regulations prohibit sending checks, your benefits will stop immediately. For more information, ask any Social Security office for the booklet, *Your Social Security Payments While You Are Outside The United States* (Publication No. 05-10137).

### If You Receive Other Disability Benefits

If you are disabled and under age 65, Social Security benefits for you and your family may be reduced if you are also eligible for workers' compensation (including black lung payments) or for disability benefits from certain federal, state or local government programs. Tell us if you:

- apply for another type of disability benefit;
- begin receiving another disability benefit or a lump-sum settlement; or

13

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JIMMY HERRERA,** | § | |
| **Plaintiff** | § | |
| | § | CIVIL ACTION NO.: |
| vs. | § | B-01-024 |
| | § | |
| **CTS CORPORATION,** | § | |
| **Defendant** | § | |

## AFFIDAVIT OF JIMMY HERRERA

Before me, the undersigned Notary Public, on this day personally appeared Jimmy Herrera, who after being duly identified and sworn, did on his oath depose and say as follows:

a) My name is Jimmy Herrera. I am over the age of 18 and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

b) I filed an application for Social Security benefits in May 2000. I do not have a copy of the application in my possession. I went to the Social Security office in Harlingen, Texas where I initially applied for benefits and asked them for a copy. I was told they do not keep a copy of the application locally. They believe my application is in New Jersey or somewhere in the East Coast. I asked them if I could request a copy of the application and was told I could not get a copy of the application, but my attorney might be able too. My attorney and I are working on getting a copy of the application and will forward it to the Court upon receipt.

c) I have suffered from Chronic Peripheral Vascular Disease since I was 12 or 13 years old. Despite the condition, I have been able to work and function with a minimal amount of accommodation. I decided to file for Social Security benefits in 2000, because my condition worsened after I was fired from CTS. At one point, the blood flow to my leg was so bad, I was told my leg would probably need to be amputated. Fortunately, my condition improved and I did not need the amputation.

d) After I was let go from CTS, I applied for and received unemployment benefits. Also during that time, I was actively looking for work because the Texas Workforce Commission determined I was fit to work.

e) Although I applied for Social Security benefits in May of 2000, my claim was not approved until October of 2000. I do not believe my claim for Social Security benefits and my employment discrimination claim are inconsistent. When I was



fired from CTS I was working and felt, given the chance, I could have continued to work. Unfortunately after I was fired, my condition worsened and I felt I would not be able to work again. As a result, I decided to file for Social Security benefits. At present, there are periods I can work without restriction, but there are other times when my doctor tells me I cannot work.

f)  It is my understanding, that my ability to work does not always mean you cannot receive Social Security benefits. When I received my benefits, The Social Security administration sent me a pamphlet that states I may attempt to return to work on a trial basis for up to nine months. If CTS had given me the opportunity to work, I believe I could have continued in my former position.

_____
JIMMY HERRERA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 26th ~~19TH~~ day of ~~November~~ December, 2001.

_____
Notary Public State of Texas

2671        2594-2 C11917

JI Support & Customer Service
TEXAS WORKFORCE COMMISSI<
BOX 2211
MC ALLEN TX 78502-2211

## DETERMINATION ON PAYMENT OF UNEMPLOYMENT BENEFITS
Date Mailed:    May 9, 2000

JIMMY HERRERA
1041 EBANO ST
SAN BENITO TX 78586-3112

Social Security Number: 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
Employer: CTS CORPORATION
As:
Employer Account No.: 00-281231-2

### Decision

**Issue:** Ability-Physical Condition
**Decision:** We can pay you benefits.
**Reason for Decision:** Our investigation found you are able to work
**Law Reference:** Subsection 207.021(a)(3) of the Texas Unemployment Compensation Act.

### Determination of Potential Chargeback for the Employer

### If You Disagree with this Decision

If you disagree with this decision, you may appeal. Fax or have any appeal you may file postmarked on or before 05-23-00.
Please include a copy of this notice with Appeals correspondence. The Appeal must be in writing to this address:

> Appeal Tribunal
> Texas Workforce Commission
> 101 E. 15th Street
> Austin, TX 78778-0002
> FAX (512) 475-1135

**Please see reverse for how to file an appeal.**

Case No: 3
Claim ID: 04-16-00
Claim Date: 04-16-00
FOR HEARING IMPAIRED CLIENTS
Relay Texas TDD No.:   1-800-735-2989

BD300E  07/23/96

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment was sent to the Defendant via telefax and regular mail on this the 26th day of December, 2001 through its attorney of record:

Hon. John Chosy
LAW OFFICES OF JOHN E. CHOSY
1805 Ruben M. Torres Blvd.
Paseo Plaza Center, Suite B-21
Brownsville, Texas 78526
Facsimile: 956/544-6679

_____
Miguel Salinas

5