

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAN 0 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JIMMY HERRERA,<br>Plaintiff | * * * | |
| v. | * | CIVIL ACTION NO.:<br>B-01-024 |
| CTS CORPORATION, ET. AL.,<br>Defendants | * * * | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AFFIDAVIT

Defendant CTS Corporation objects to the Affidavit f Jimmy Herrera filed on December 26, 2001 as part of Plaintiff's Supplemental Brief (Docket #22) in the following particulars:

**Paragraph c)** Defendant objects to plaintiff's statement that "I was actively looking for work because the Texas Workforce Commission determined I was fit to work" because plaintiff testified to the contrary at his deposition (page 16, ll 8-12)"

"Q. Have you worked for anybody since you worked for CTS?

"A. No, I haven't.

"Q. Have you applied for work anywhere since CTS?

"A. I can't remember."

**Paragraph e)** Defendant objects to plaintiff's statement that "I do not believe that my claim for Social Security benefits and my employment discrimination claim are inconsistent" because plaintiff's beliefs are irrelevant and the statement is a conclusion without supporting facts.

**Paragraph e)**   Defendant objects to plaintiff's statement that "When I was fired from CTS I was working and felt, given the chance, I could have continued to work" because this statement is inconsistent with the sworn statement on his application for Social Security disability benefits that he became disabled on April 14, 2000. Defendant further objects to the statement because plaintiff's beliefs are irrelevant and the statement is a conclusion without supporting facts. Defendant further objects because whether plaintiff could work is irrelevant. What is relevant is whether plaintiff could do the essential functions of his job with or without a reasonable accommodation.

**Paragraph f)**   Defendant objects to plaintiff's statement that "If CTS had given me the opportunity to work, I believe I could have continued in my former position" because plaintiff's beliefs are irrelevant and the statement is a conclusion without supporting facts.

Signed this 2nd day of January 2002.

Respectfully submitted,

John E. Chosy Attorney-at-Law, P.C.
1805 Ruben M. Torres Blvd., Suite B-21
Brownsville, Texas   78526
Telephone: (956) 544-6677
Telefax   : (956) 544-6679

By: _____
John E. Chosy
State Bar No. 04216300
Cameron County ID No. 00304801
Federal I.D. No. 1054
Attorney-in-Charge

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all counsel of record in this matter in accordance with the Federal Rules of Civil Procedure by personal delivery on the 2nd day of January 2002.

John E. Chosy

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AFFIDAVIT – PAGE 3

# John E. Chosy

Attorney-at-Law, P.C.  
Suite B-21 Paseo Plaza Center  
1805 Ruben Torres Blvd.  
Brownsville, Texas 78526

Phone: 956/544-6677  
Fax: 956/544-6679  
Mobile: 956/498-6677  
e-mail: jchosy@ies.net

January 2, 2002

Clerk of the Courts  
United States District Court  
Southern District - Brownsville Division  
600 E. Harrison, #1158  
Brownsville TX 78520

              Re:    Civil Action No. B-01-024  
                      Jimmy Herrera v.  
                      CTS Corporation, et. al.  
                      United States District Court  
                      <u>Southern District - Brownsville</u>

Dear Clerk:

      Enclosed for filing in the above referenced cause is Defendant's Objections to Plaintiff's Affidavit.

      A copy of the foregoing has been served on all counsel of record in this matter.

      Thank you for your assistance.

                                Sincerely,

                                John E. Chosy

JEC/lac  
enc.  
xc:  Mr. Miguel Salinas  
      Attorney at Law  
      805 Old Port Isabel Road  
      Brownsville TX 78520